UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOSE AVILES,           )
                       )
      Petitioner,      )
                       )
   v.                  )       Case No. 11-1085
                       )
RICARDO RIOS,          )
Warden,                )
      Respondent.      )

**O R D E R**

This matter is now before the Court on Jose Aviles' ("Aviles") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, Aviles' Petition [#1] is DISMISSED.

**Background**

In July 1992, Aviles was indicted by a grand jury in the United States District Court for the Middle District of Florida on a charge of conspiracy to possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. Following a jury trial, he was convicted of the charge and sentenced to life imprisonment. On appeal, his conviction was affirmed without opinion from the Eleventh Circuit Court of Appeals. *United States v. Ruiz*, 59 F.3d 1151, 1152 (11th Cir. 1995).

Aviles filed a collateral attack pursuant to 28 U.S.C. § 2255 which was dismissed as untimely on June 17,1999. From a review of his filings in the Middle District of Florida, Aviles attempted to filed a successive habeas petition on June 28, 2001, which was denied on the same day. In August 2007, Aviles filed a motion in the Central District of Illinois in which he claimed that the two Illinois convictions relied upon by the Middle District of Florida in enhancing his

1

sentence were unconstitutionally obtained for certain reasons. His motion was transferred from the Central District of Illinois back to the Middle District of Florida where the latter court denied Aviles' motion. Aviles has now filed the instant Petition for Writ of Habeas Corpus pursuant to § 2241 in which he argues: 1) he was given an enhanced sentence of life imprisonment pursuant to 21 U.S.C. § 851, though the offense upon which the sentencing court relied was not a conviction for purposes of § 851, 2) the district court and Aviles' defense attorney failed to comply with the Court Interpreters Act where they chose to disregard a mandatory provision of the Act by not providing an interpreter at Aviles' sentencing, 3) the district court failed to comply with the provisions of § 851(b) at sentencing which rendered the enhanced sentence improper, and 4) the district court's non-compliance with § 851(b) improperly resulted in the imposition of an enhanced sentence that exceeded the statutory maximum. Aviles further states that he is invoking the miscarriage of justice doctrine, and that this Court should apply the "eligibility test" to the facts and circumstances of Aviles' petition in order to grant habeas relief. *See Sawyer v. Whitley*, 505 U.S. 333, 347 (1992) (discussing the "eligibility" test for determining whether a defendant is actually innocent of the death penalty to which he was sentenced in order to reach the merits of an otherwise improper federal habeas claim). He is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the

2

Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992).

In this § 2241 Petition, however, Aviles does not challenge the circumstances of his confinement. Rather, he attacks the validity of his sentence and asks this Court to vacate his sentence. Accordingly, this Petition involves a collateral attack on Aviles' sentence, which would traditionally be brought pursuant to 28 U.S.C. § 2255.

However, Aviles has previously pursued § 2255 relief and is now barred from pursuing further relief under that section unless he first obtains permission from the Court of Appeals to bring a second or successive motion or qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. *Gray-Bey v. United States*, 209 F.3d 986, 988-90 (7th Cir. 2000); *In re Davenport*, 147 F.3d 605, 610-12 (7th Cir. 1998). His request for leave to file a second § 2255 motion was denied on June 26, 2001, by the Eleventh Circuit, leaving only the latter option.

In *Davenport*, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, three additional conditions must also be met: (1) the change of law has to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated. *Id.* at 611-12.

Moreover, federal inmates are permitted to pursue collateral relief through § 2241 only where the remedy provided by §2255 "is inadequate or ineffective to test the legality of his detention." *Taylor v. Gilkey*, 314 F.3d 832, 834 (7th Cir. 2002). § 2255 is only inadequate when the prohibition against second or successive motions prevents a prisoner from obtaining review of a legal theory that establishes his "actual innocence" or where a structural problem forecloses even one round of effective collateral relief. *Id.* at 835.

First, the Court notes that Aviles has provided no explanation of why he did not have the opportunity to raise these claims in his first, untimely § 2255 petition, or even if he did raise them. In addition to this failure, Aviles clearly fails the first prong of *In re Davenport*, as he does not identify any change in the law, much less a retroactive change in the law as the basis for his claims.

Thus, it would appear that § 2255 was neither inadequate nor ineffective to test the validity or legitimacy of Aviles' conviction and sentence. The majority of Aviles' petition is focused upon his contention that this Court should consider the merits of his claims because, though they are procedurally defaulted, a fundamental miscarriage of justice will result.[1] The ultimate issue here is whether these are the narrow circumstances under which Aviles can seek collateral review in a § 2241 petition. His failure to timely file his first § 2255 habeas petition in 1999 does not constitute inadequacy or ineffectiveness of § 2255. *See Taylor*, 314 F.3d at 835.

Furthermore, as elaborated previously, Aviles has not in any way attempted to establish that he did not have a reasonable opportunity to raise the claims he now raises in this § 2241

---

[1] Aviles makes note of the fact that his criminal docket report reflects that his various petitions and pleadings have not been adjudicated on their merits.

petition because of a fundamental change in the law after his first § 2255 motion. *See Collins v. Holinka*, 510 F.3d 666, 667-68 (7th Cir. 2007) (explaining that a district court must entertain a § 2241 action on its merits where § 2255 did not for some reason offer the petitioner a chance to test the validity of his conviction, and he presents an actual innocence claim). Aviles does not set forth a legal theory supportive of a non-frivolous claim of actual innocence where he makes no allegations that the conduct charged in his indictment is no longer a crime under 21 U.S.C. § 846. *See Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003) (explaining previous cases in which actual innocence was found where the prisoners "could admit everything charged in their indictment, but the conduct no longer amounted to a crime under the statutes (as correctly understood)") . And finally, like the situation in *Davenport*, even assuming that his assertions have merit, Aviles is attacking only his sentence and not his conviction. Thus, he is "innocent," if at all, only in a technical sense. *See Davenport*, 147 F.3d at 609.

Accordingly, Aviles' § 2241 petition constitutes an improper attempt to avoid the procedural limitations and requirements attendant to motions brought under § 2255 and is not the type of situation that the Seventh Circuit contemplated in establishing the narrow avenue for certain collateral claims to be reviewed under § 2241. Having failed to meet the prerequisites established in *Davenport*, he is not entitled to proceed under § 2241, and his petition must be dismissed.

**Conclusion**

For the reasons set forth herein, Aviles' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DISMISSED for lack of jurisdiction.

ENTERED this 14th day of April, 2011.

> s/ Michael M. Mihm
> Michael M. Mihm
> United States District Judge